

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-26-2007

# In Re: Factor

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5407

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Factor " (2007). *2007 Decisions.* Paper 699.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/699

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-5407

———

IN RE: MARVIN W. FACTOR; KATHLEEN FACTOR,

Appellants,

DAVE P. ADAMS,

Trustee.

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-1131)
District Judge: Honorable J. William Ditter, Jr.

———

Submitted Under Third Circuit LAR 34.1(a),
April 24, 2007

Before: SCIRICA, Chief Judge, FUENTES and ALARCÓN,* Circuit Judges.

(Filed: July 26, 2007)

———

OPINION OF THE COURT

———

---

\* The Honorable Arthur L. Alarcón, Senior Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

FUENTES, <u>Circuit Judge</u>.

Marvin and Kathleen Factor appeal from an order of the District Court affirming the Bankruptcy Court's decision denying their motion to reopen their Chapter 7 bankruptcy case. The Factors seek to reopen the proceedings in order to prevent Alliance Bank, Locust L.P., and Locust LLC ("appellees") from pursuing two mortgage foreclosure actions filed against them.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 158(d) and 1291. <u>See</u> <u>In re Zinchiak v. CIT Small Bus. Lending Corp.</u>, 406 F.3d 214, 222 (3d Cir. 2005). Our standard of review over the Bankruptcy Court's decision is the same as that exercised by the District Court. <u>Id.</u> at 221. Thus, we review the Bankruptcy Court's decision not to reopen a previously closed bankruptcy proceeding under an abuse of discretion standard. <u>Id.</u> at 221-22.

In August 2002, the Factors filed a voluntary Chapter 11 bankruptcy petition in the Eastern District of Pennsylvania. The Bankruptcy Court subsequently converted the matter into a Chapter 7 proceeding. In February 2004, the Bankruptcy Court granted Alliance relief from the automatic stay to allow it to proceed against the Factors in two state court mortgage foreclosure actions involving certain residential and commercial properties. In August 2004, the Bankruptcy Court granted the Factors a discharge of debts pursuant to § 727 of the Bankruptcy Code, 11 U.S.C. § 727, and thereafter closed the case.

2

Several months later, in December 2004, the Factors moved to reopen their closed bankruptcy case in order to file adversary proceedings against appellees.[1]  The undisputed purpose of the adversary proceedings was to defeat appellees' foreclosure actions against the Factors' residential and commercial property.  The Factors argued that the two state court foreclosure actions violated § 524 of the Bankruptcy Code, which provides, in relevant part, that a discharge in bankruptcy "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a *personal liability of the debtor*, whether or not discharge of such debt is waived."  11 U.S.C. § 524(a)(2) (emphasis added); see also Johnson v. Home State Bank, 501 U.S. 78, 83 (1991) (noting that "a discharge extinguishes *only* the personal liability of the debtor . . . a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy") (internal quotation marks and citations omitted).  After the Bankruptcy Court denied their motion to reopen, the Factors appealed the decision to the District Court.[2]

---

[1] Alliance at some point assigned its deed and mortgage to the commercial property to Locust L.P., of which Locust LLC is general partner.

[2] The Factors also filed an adversary proceeding against Alliance for violation of the discharge injunction, which the Bankruptcy Court dismissed for lack of jurisdiction. The Bankruptcy Court later denied the Factors' motion for reconsideration.  Because the Factors do not challenge these rulings in their brief on appeal, we need not address them. See Laborers Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1995) (noting that "[a]n issue is waived unless a party raises it in its opening brief").

The District Court ruled that the Bankruptcy Court did not abuse its discretion in denying the Factors' motion to reopen because (1) the state court foreclosure actions seek *in rem* relief only and do not seek to hold the Factors personally liable on the mortgages; and, (2) in any event, the Factors insulated themselves from *in personam* liability by objecting in their answer to the state court complaints to any judgment for personal liability.

In reaching its conclusion, the District Court relied primarily on Insilco Corp. v. Rayburn, 374 Pa. Super. 362, 368 (Pa. Super. Ct. 1988), in which the court explained that under Pennsylvania law, "[a]n action in mortgage foreclosure is strictly an *in rem* action and may not include an *in personam* action to enforce personal liability." The court in Insilco further explained that, where a party fails to follow Pennsylvania procedural rules and seeks both *in rem* and *in personam* relief, the latter is only available if the mortgagor (in this case, the Factors) "waives any objection to the inclusion of the assumpsit action for a personal judgment in the mortgage foreclosure proceeding." Id. Accordingly, the District Court held that the Bankruptcy Court did not abuse its discretion in refusing to reopen the Factors' closed bankruptcy case.

Having reviewed the thorough and well-reasoned opinions of both the Bankruptcy Court and the District Court, as well as the parties' briefs and the record on appeal, we will affirm for substantially the same reasons set forth in the District Court's opinion. Accordingly, we will also deny as moot the motion of appellees for summary action

4

pursuant to Third Circuit Local Appellate Rule 27.4.